IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Case No. 4:20-CR-355

United States of America,

       Plaintiff,

v.

Jermaine Deshan West,

       Defendant.

_____/

United States Courts
Southern District of Texas
FILED

FEB 2 6 2024

Nathan Ochsner, Clerk of Court

MOTION PURSUANT TO 18 U.S.C. § 3582(c) FOR SENTENCE REDUCTION
BASED ON RETROACTIVE GUIDELINES CHANGES OR EXTRAORDINARY
AND COMPELLING REASONS

Comes Now, Jermaine Deshan West, the Defendant in the above-captioned case, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and/or 18 U.S.C. § 3582(c)(2), who does hereby moves this Court to reduce his sentence based on the November 1, 2023, sentencing guidelines to 4A1.1 made retroactive under § 1B1.10 via Amendment 821, or under 1B1.13(b). In support of this his Motion Defendant states as follows:

## I.   BACKGROUND

1.   On August 13, 2020, a federal grand jury in this district charged defendant West along with eight others with conspiracy to posess with intent to distribute 500 grams or more of methamphetamine and 500 grams or more of powder cocaine, hydrocodone, and oxycodone (Count 1) alleging a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)-(C); possession with intent to distribute a mixture and substance containing a detectable amount of cocaine within 1, 000 feet of a high scholl (Counts 2-5) alleging a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860; 18 U.S.C. § 2; possession with intent to distribute 500 grams or more of methamphetamine (Count 6) alleging a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A); 18 U.S.C. § 2; possession with intent to distribute a mixture and substance containing a detectable amount of hydrocodone (Count 7) alleging a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A); 18 U.S.C. §

2; and possession with intent to distribute a mixture and substance containing a detectable amount of hydrocodone and oxycodone (Counts 8-10) alleging a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2.

2.    In April of 2022, West pled guilty to one count of conspiracy and nine counts of possession with intent to distribute various drugs outlined in the indictment. (ECF 11-21, 87, 134).

3.    The probation officer held West responsible for 1,004.97 kilograms of cocaine, 1.5 kilograms of methamphetamine, 994.4 grams of ice methamphetamine, 88,150 Mg of hydrocodone, 75,870 Mg of oxcodone, 3,060 dosages of carisoprodol, and 18,942.9 Milliters of promethazine. (ECF 363-67). The combined drug equivalency of 24,163 KG and a base offense level of 34 is what West sentenced was determined by. (ECF 368-69, PSR ¶ 91; U.S.S.G. § 2D1.1(a)(5) & (c)(3). However, the officer also applied a two-level enhancement for using a premise for the distribution of controlled substance and another two-level enhancement for being aware that illiict drugs were beng dispensed from the same premises. (ECF 369; PSR ¶ 93; U.S.S.G. § 2D1.1(b)(18). He was also cited with a four-level leadership role. (ECF 369; PSR ¶ 96; U.S.S.G. § 3B1.1(a). But three-levels were deducted for acceptance of responsibility, leaving West with a total offense level of 39. (ECF 369; PSR ¶ 99, 102; U.S.S.G. § 3E1.1(a).

4.    West had eight criminal history points, placing him in criminal history category IV. (ECF 376; PSR ¶ 116. His criminal history included a 2004 Texas conviction for possession of cocaine, for which he had been sentenced to 17 years and was still on parole at the time of the instant offense. (ECF 374-76; PSR ¶¶ 111, 113, 115-16. Which makes West eligible for relief under Amendment 821 as it relates to the retroactive application of 4A1.1 changes. West was sentenced to 280 months in prison followed by 6 years of supervised release. (ECF 87-93).

### III.    Sentences Greater Than Those With More Serious
### CRIMES SUCH AS MURDER WARRANTS EXTRAORDINARY & COMPELLING RELIEF

A sentence is generally considered final and may not be altered except in limited circumstances. See 18 U.S.C. § 3582(b); see also **Dillion v. United States**, 560 U.S. 817 @ 824(2010). Prior to 2018, a modification for reasons other than a post-conviction lowering of the applicable sentencing range could be made only upon a motion brought by the Director of the Bureau of Prisons ("BOP"). See **United States v. Gunn**, 980 F.3d 1178 @ 1179(2020 CA7). Pursuant to the First Step Act, a defendant may now directly request a reduction in the term of incarceration, provided that all administrative remedies have been exhausted, absent a 30 day delay at some point of the Administrative Appeal Process. See 18 U.S.C. § 3582(c)(1)(A); see also, **United States v. Brooker**, 976 F.3d 228 @ 233(2020 CA2). To obtain relief, a defendant must meet two criteria: (1) "extraordinary and compelling reasons" warrant a reduction in his or her sentence; and (2) the reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). In modifying any sentence, the Court must consider the applicable factors set forth in 18 U.S.C. § 3553(a).

Congress has not defined "extraordinary and compelling reasons," but rather delegated that task to the Sentencing Commission. See 28 U.S.C. § 994(t); see **Brooker**, 976 F.3d @ 232. In 2006, the Sentencing Commission promulgated United States Sentencing Guideline ("USSG") § 1B1.13, the application notes of which describe three categories of potentially "extraordinary and compelling reasons," namely medical condition, age and family circumstances, see USSG § 1B1.13 cmt n. 1(A)-(C), and a "catch-all" provision, **id**. cmt. n1(D), which "opens the door" to considering factors other than those specifically enumerated, see **United States v. McPherson**, 454 F. Supp. 3d 1049 @ 1053(W.D. Wash. 2020). However, on May 3, 2023, expansion of that enumerated list of "extraordinary and compelling reasons" was done by the Sentencing Commission.

That list now includes public health emergencies which adversely impact
the correctional facility where the defendant is housed, defendants who have
been sexually abused while in federal custody, defendants who have been physi-
cally abused by or under the directions of federal correctional actors, Unusual-
ly long sentences where the defendant has served at least 10 years of the term
of imprisonment where there has been a subsequent change in law other thana
an amendment to the Guidelines, especially where such a change would produce
a gross diaparity between the sentence being served and the sentence likely to
be imposed at the time of filing a motion under 18 U.S.C. § 3582(c)(1)(A) pursuant
to § 1b1.13, and Rehabilitation of the Defendant where there are other factors
which compel granting of relief based upon "extraordinary and compelling reasons."
See Federal Register/ Vol. 83, No. 85/ Wednesday, May 3, 2023 at pages 28255-
28256. These changes were derived from various court rulings. See, e.g., United
States v. Quinn, 467 F. Supp. 3d 824 @ 827(N.D. Cal. 2020); McCoy, 981 F.3d @
285-86; United States v. Young, 458 F. Supp. 3d 838(M.D. Tenn. 2020); United
States v. Haynes, 456 F. Supp.3d 496(E.D.N.Y. 2020); United States v. Maumau,
No. 08-cr-00758, 2020 U.S. Dist. Lexis 28392, 2020 WL 806121(D. Utah 2-18-2020);
United States v. Urkevich, No. 03CR37, 2019 U.S. Dist. Lexis 197408, 2019 WL
6037391(D. Neb. 11-14-2019); see also United States v. Lott, No. 95cr72, 2020
U.S. Dist. Lexis 100893, 2020 WL 3058093(S.D. Cal. June 8, 2020); and United
States v. Arey, 461 F. Supp. 3d 343(W.D. Va. 2020). Congress's decisions not
to give automatic retroactive effect to its amendments or changes in a criminal
sentencing provision does not preclude relief under the safety valve offered by
§ 3582(c)(1)(A), which now allows for sentence reductions on a case-by-case
basis. See McCoy, 981 F.3d @ 286-87. Which means that defendants can seek relief
under the "catch-all" provisions of § 1B1.13 to not only seek relief under
any of the First Step Act changes, but also to seek relief from the statutory
minimum sentences under any act of Congress. See, e.g.;

The May 3, 2023, 1B1.13 changes are as follows:

"(b) Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof; ...

    (D) The defendant presents the following circumstances—

        (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or ongoing public health emergency declared by the appropriate federal, state, or local authority;

        (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing public health emergency described in clause (I); and

        (iii) such risk cannot be adequately mitigated in a timely manner.
...

(3) Family Circumstances of the Defendant.--

(A) The death or incapacitation of the caretaker of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similiar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as grandchild, grandparent, or sibling of the defendant.

(4) Victims of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A) sexual abuse involving a sexual act,' as defined in 18 U.S.C. 2246(2)(including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim; or

(B) physical abuse resulting in 'serious bodily injury,' as defined in the Commentary to 1B1.1 (Application Instructions); that was committed by, or at the direction of, any other individuals who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceedings, unless such proceedings are unduly delayed or the defendant is in imminent danger.

(5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) Unusually Long Sentence. -- If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change on the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

## Factual Assertions Which Demonstrate
### Extraordinary And Compelling Reasons For Relief

The following facts support Defendant's assertion that he/she is entitled to or worthy of Extraordinary and Compelling relief:  Although defendant doesn't have a clean criminal history and all of his offenses have been solely non-violent conviction for controlled substances, all of which primarily derived from his own substance abuse. However, defendant has not taken anyone's life and there hasn't been any known deaths related to any of the substances that he is currently incarcerated on and there has been no past events where anyone has died either. But yet his current sentence is almost the same as the national average for those who have committed federal murders, longer than those who have committed federal armed robberies and almost twice as long as those who have been convicted of child molestation and sexual depictions of minors.

Despite his human flaws, defendant has tried to be a role model to others in his community by opening up his recording studio to other up and coming artist in the music and rap industry. Which in of itself is a challenging field of entertainment, where the lure of the industry is not as easy as its reality in practice.

Defendant himself is or was an up and coming music artist, who simply made some unintentional decisions that, he would not have made now looking back at what he lost over what more he could have gain, by hard work and patience.

Defendant has also held other forms of employment such as working a local chemical plant and other skilled labor jobs, because he has many responsibilities as a father to his kids, but lost focus after the death of his oldest son which led to the down hill spiral of his current incarceration.

Currently defendant has been participated in Evidence Based recidivism programming under the First Step Act and currently has an institutional job assignment as a psych companion/medical orderly which involves him assisting elderly prisoners with mobility and other matters.

## Defendant's Proposed Release Plans

Pursuant to 28 C.F.R. § 571.61 defendant's proposed release plans are as follows:

a.   Upon his/her release defendant will reside at: **9527 Peridot Green Dr., Rosharon, TX 77583 with his wife.**

b.   Defendant will have the following means of financial or economic support: **Defendant will become a dispatcher for K.M. Trucking, located in Houston, Texas, and Mr. Kevin Menifee, who is the owner of the business can be contacted via phone @ 281-433-1930 to verify his willingness to hire defendant upon release.**

c.   Defendant's Health Care or Medical treatment will be provided by or as follows: **Defendant High Blood Pressure and other health concerns will be treated and covered through his proposed employer and under the Affordable Care open enrollment as well as any Medicaid benefits he may qualify for.**

d.   Defendant's Health Care or Medical Treatment costs will be paid for or covered by: _____

e.   Other relevant plans: _____

### c.

**Lack of Empirical Data To Justify Methamphetamin 10 to 1 Purity Ratio Has Created An Unwarranted Sentencing Disparity Between Similarly Situated Defendants Resulting In Sentences For Non-Violent Drug Offenders Which Exceed The National Average For Those Convicted Of Murder, Robbery & Rape Necessitating Extraordinary & Compelling Relief**

In Pepper v. USA, 562 U.S. 476, 179 L. Ed. 2d 196 @ 220(2010) the Supreme Court noted that "the [Sentencing] Commission post-Booker continues to 'fil[l] an important institutional role" because '[i]t has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise.' ... however, a district court may in appropriate cases impose a non-Guideline sentence based on a disagreement with the Commission's views."

Where "[t]here appears to be no empirical basis for the Sentencing Commission's harsher treatment of offenses involving higher purity methamphetamine." In regards to other controlled substances provisions, as well as other statutory offenses, the Sentencing Commission "has used empirical and experiential approach to develop sentencing guidelines that reflect a fair sentencing range." However, "where the guidelines are not the result of the Commission's exercise of its characteristic institutional role (reliance on empirical studies and data), the guidelines are less reliable estimation of a fair sentence and are therefore entitled to less deference."

In developing the drug trafficking guidelines, "[t]he Commission did not exercise its institutional role and rely upon empirical data. ... Instead, it chose to "key the guidelines to the statutory mandatory minimum sentences that Congress established for drug offenses."

Many courts have noted that no empirical data appears to justify the guidelines "10:1 ratio." See, e.g., USA v. Celestin, 2023 U.S. Dist. LX 25406(E.D. La. 2-15-2023); USA v. Van Long, 2023 U.S. Dist. LX 18597(D. Idaho 2-2-2023); USA v. Robinson, 2022 U.S. Dist. LX 23104(S.D. Miss. 12-23-2022); USA v. Robinson, 2022 U.S. Dist. LX 231041, 2022 WL 17904534; USA v. Carrillo, 440 F. Supp. 3d 1148(E.D. Cal. 2020); USA v. Johnson, 379 F. Supp.3d 1213(M.D. Ala. 2019); USA v. Pereda, 2019 U.S Dist. LX 19183, 2019 WL 463027(D. Colo. 2-6-2019); USA v. Bean, 371 F. Supp. 3d 46(D.N.H. 3-1-2019); USA v.

Hover, 2018 U.S. LX 195196, 2018 WL 5924500(D. Idaho 11-13-2018); USA v. Ferguson, 2018 U.S. Dist. LX 129802, 2018 WL 3682509(D. Minn. 8-2-2018); USA v. Saldana, 2018 U.S. Dist. LZ 110790(W.D. Mich. 7-3-2018); USA v. Mawanna, 321 F. Supp. 3d 943 @ 955(N.D. Iowa 2018); USA v. Ibarra, 265 F. Supp. 3d 1249(D.N.M. 2017).

"Methamphetamine purity is no longer an accurate indicator of a defendant's role in a drug trafficking conspiracy." The court noted "[t]he assumption underlying the guidelines higher base offense levels for higher purity drugs is that purity "is probative of the defendant's role or position in the chain of distribution." This assumption "is divorced from current market reality." In Bean, the Government conceded that "the average purity of methamphetamine between 2012 and 2017 was over 90%." See <https://www.dea.gov/sites/default.files/2018-07/DIR-040-172017-NDTA.pdf>

The Fifth Circuit has affirmed policy based disagreements in methamphetamine cases. See, USA v. Valdez, 268 F App.'x 293 @ 297(2008 CA5). The lack of empirical data in determining the 10 to 1 ratio in Meth cases has led to a sentencing disparity worthy of relief based upon 3582(c)(1)(A) extraordinary and compelling provisions as further stated:

**d.**

### Others Considered More Dangerous Than Defendant Have Been Granted 3582(c)(1)(A) Extraordinary & Compelling Relief Who Have Killed Federal Officers As Well As Those Who Have Held BOP Officers Hostage & Killed Other Inmates While Incarcerated

The following cases show that others deemed more dangerous than defendant have been granted compassionate release as follows:

United States v. Winston, 2021 U.S. Dist. Lexis 14988(D. Kan. 1-22-2021)(granting compassionate release to defendant with extensive prior criminal history and numerous disciplinary infractions while serving his prison sentence over government's danger to community objections); United States v. Meeks, 10-cr-20388-2, 2021 U.S. Dist.. Lexis 43684(E.D. Mich. 3-9-2021)(disciplinary infractions did not bar compassionate release); United States v. Greene, 2020 U.S. Dist. Lexis 142007(E.D. Mich. 8-10-2020 (two disciplinary infractions, including one for cell phone possession [which is a criminal offense under 18 U.S.C. 1791] did not bar compassionate release); United States v. Mason, 2021 U.S. Dist. Lexis @ *7(N.D. Cal. 12-31-2020)(granting compassionate release to 27 year old with several disciplinary infractions over government's danger to community objections); United States v. DuBois, 2021 U.S. Dist. Lexis 29848, 2021 WL 632679 @ *4-5(E.D. Pa. 2-18-2021)(granting compassionate release to defendant who received six disciplinary infractions over government's danger to community objections); United States v. Greene, 516 F. Supp. 3d 1 @ 9-10(D. D.C. 2-2-2021)(granting compassionate release over government's danger to community objections to defendant incarcerated for murder of a federal officer, robbery, premeditated murder of federal officer, robbery and rescue of a federal prisoner who while in FBOP recently received "disciplinary infraction that ... had incurred for throwing [hot] grits on a staff member" another for "possessing a dangerous weapon and threatening correctional staff." Imagine that?).

See, also, United States v. Denson, Criminal No. 10-0051(PLF), 20202 U.S. Dist. Lexis 112138 @ * 14(D. D.C, 6-25-2020)(Defendant who pled guilty to trafficking PCP, heroin & cocaine base in violation of 18 U.S.C. 1962(d) was granted compassionate release over government's claim that he "still poses a danger to the community and has not sufficiently shown himself to be rehabilitated where he 'committed numerous acts of violence' during the [RICO] conspiracy and found guilty of 3 disciplinary infractions while incarcerated); United States v. Amerson, 05-CR-0301(JS), 2023 U.S. Dist. Lexis 12004(E.D.N.Y. 7-12-2023)(granting compassionate release to defendant who

after serving 10 years in New York and New Jersey prisons for a series of armed robberies, then less than a year after being released on supervision, committed more than a dozen federal robberies, including with a .38 caliber. The compassionate release motion was granted over the government's continued danger to community argument where the only thing relied upon by government was the PSR); United States v. Amezeva, no. 13-93-cr-05046-DAD-1, 2022 U.S. Dist. Lexis 187669 @ * 2, 45(E.D. Cal. 10-13-2022)(granting compassionate release to defendant serving Life Sentence for 10 to 30 kg of methamphetamines while armed in violation of 18 U.S.C. 2 and 21 U.S.C. 841 (a)(1), 846, over government's still poses a danger to community objection due to him having been sanctioned for rioting, drug possession (the same behavior he's incarcerated for) and weapons possession); United States v. Fischman, 2020 U.S. Dist. Lexis 78157, 2020 WL 2097615 @ *3(N.D. Cal. 5-1-2020)(granting compassionate release to defendant convicted of child porn over government's danger to community objection); United States v. Jackson, 2021 U.S. Dist. Lexis 13190(D. Nev. 1-25-2021(same); United States v. Rodriguez, 2021 U.S. Dist. Lexis 73233(S.D. Cal. 4-14-2021)(granting motion over government's danger to community based on defendant bringing 21.15 KG (46.3 lbs.) of fentanyl to the United States in violation of 18 U.S.C. 952 & 960); United States v. Hansson, 470 F. Supp.3d 1197 @ 1204(D. Ore. 7-2-2020)(government argued defendant remains dangerous to community because he has not received sex offender treatment, while serving his sentence under 18 U.S.C. 2252 7 2252A for child porn); United States v. Cheese, Criminal No. ELH-08-0415, 2022 U.S. Dist. Lexis 226679 @ 38-39(D. Md. 12-15-2022) (Granting defendant's compassionate release motion who distributed more than 30 KG of heroin in violation of 21 U.S.C. 846 over government's danger to community objection despite being sanction for possessing a dangerous weapon, fighting with another person, stealing and threating bodily harm while serving his FBOP sentence with his most recent sanction being less than 5 years from the date of granting his compassionate release motion); United States v. McDonel, 513 F. Supp.3d 752 @ 758-59(E.D. Mich. 2021)(granting defendant compassionate release over government's danger to community objection where defendant charged with multiple counts of violent armed robberies continued to receive disciplinary infractions while FBOP for weapons 3 times, they found a 6-inch flat piece of metal, a shiv made of beard-trimmer blade melted at an angle on a toothbrush, a melted plastic shank, he also tried to bribe a prison official offering to pay him $1,000.00 a month of 15 cans of chew a week and written up more than half dozen times for abusing telephone privileges.).

In the case of United States v. Bolden, 277 F. Supp. 2d 999(E.D. Ark. 20030 the white male drug

kingpin liable for 164 kilograms of cocaine, and who operated a large-scale money laundering scheme,

was allowed to plead under George Bush's  Administration John Ashcroft DOJ, to an alternative

misprision of felony offense under 18 U.S.C. 4 , as the Government agreed to dismiss the remaining

more serious 33 other counts of the indictment and sentenced to only 36 months of incarceration.

While his codefendants who went to trial received ten year sentences or more. The court noted that

"Bolden was not a cooperating witness, therefore the plea agreement was apparently a reward solely

for his plea of guilty, a 29 1/2-to 30-year concession." However, this in of itself is an extraordinary

and compelling racial sentencing disparity which should be taken into account by the courts under

the 1b1.13 other provisions clause. As further noted below.

The national average sentence for equally or more serious crimes than those of this defendant

have been substantially lower. E.g., such as "the crime of robbery, 104 months (6 years, 9 months);

for murder, 244 months (20 years, 4 months); for child pornography, 108 months (9 years); for sexual

abuse, 211 months (17 years, 6 months); and for kidnapping, 166 months (13 years, 9 months). USSC

Table 15, "Sentence Imposed by Type of Crime", https://www.ussc.gov/annual-report.-and source

books/2021/Table15.pdf. As indicated courts have granted a host of murder defendants compassionate

relief, even when they have committed additional murders or crimes of violence while incarcerated.

See, e.g., USA v. Douglas, Crim. A. No. 10-171-4(JDB) 2021 U.S. Dist. Lexis 10755, 2021 WL 21463

@*8(D.D.C. 1-21-2021)(granting compassionate release to defendant who having served less than 50

months on 120-month sentence for second degree-murder); USA v. Wright, 549 F.Supp.3d 122 @ 123-

125(D.D.C. 2021)(granting compassionate release to robbery defendant over Government's danger to

community objection, where defendant while in FBOP custody "assaulted a correctional officer who was

searching his cell", "participated in an escape attempt in which he took prison staff hostage and a fellow

inmate died", another prisoner "assaulted ... by inflicting 14 stab wounds to his body" and "murder

charges after he "was observed ... conveying a knife ... on the day 'another inmate was stabbed to

death" and while in custody on a parole violation for trying to rob KFC..." Imagine that?)'; USA v. White,

Crim. No. 93-97(BAH), 2022 U.S. Dist. Lexis 152412, 2022 WL 3646614(8-24-2022)(granting

compassionate relief to White who murdered an acquaintance of his in violation of 18 U.S.C. 1962(d);

21 U.S.C. 841(a)(1), 841(b)(1)(A)(iii), 846 conspiracy converting White's life sentence into 35 years);

USA v. Qadar, No. 00-cr-0603, 2021 U.S. Dist. Lexis 136980, 2021 WL 3087956 @ *2(E.D.N.Y. 7-22-2021)

(average federal murder sentence in fiscal year was approximately 21 years); USA v. Brown, No. 21-7752,

2023 U.S. App. Lexis 21403 @ *22(2023 CA4)("we cannot ignore the extraordinary fact that Brown, who

was not charged with causing any physical violence or injury, is serving a sentence more than two-and-a

half times the length of today's average murder sentence..."); USA v. Birket, No. 90-cr-1063-24, 2023

U.S. Dist. Lexis 112714(E.D.N.Y. 6-29-2023)(granting compassionate release to racketeering murder

conspiracy defendant despite several disciplinary infractions for drug possession, fighting, disobeying

orders, assaulting an inmate and failing to stand count, reducing life sentence to 40 years); USA v.

Haynes, 456 F. Supp.3d 496 @ 574(E.D.N.Y. 2020)(in granting compassionate release, considering as

one of several extraordinary and compelling circumstances the nature of defendant's sentence "as

compared to the sentences imposed on similar and more severe criminal conduct today.")

e.

## DEFENDANT'S POST CONVICTION REHABILITATION SHOULD BE TAKEN INTO CONSIDERATION WHEN DETERMINING CRIMINAL HISTORY CATEGORY

Under Application Note 1(B)(iii) to Section 1B1.10 of the Sentencing Guidelines, the Court is also directed to "consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." Id.

Under § 3553 and in light of *Pepper v. United States*, 131 S.Ct. 1229, 179 Ed.2d 196(2011) "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)" and adjust his criminal history to reflect a lower category than it originally imposed. Where the Supreme Court has recently held that "[w]hen a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's post sentencing rehabilitation, and such evidence may, in appropriate cases, support a downward variance from the now-advisory Guidelines range." Although Pepper's mandate at first glance seems to be limited to those defendants who get resentenced after a direct appeal, however, a court may still apply the Pepper's post-conviction rehabilitation efforts, when determining a defendant's criminal history category during resentencing pursuant to a retroactive guideline change in the base offense level. *Kimbrough v. United States*, 525 U.S. 110(2007)"[i]t would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case"" In *Spears v. United States*, 555 U.S. 261(2009) the Supreme Court "clarif[ied] that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those guidelines"); and In *Nelson v. United States*, 129 S.Ct. 890, 172 L.Ed.2d 719(2009) the Supreme Court ruled that "[t]he Guidelines [a]re not only not mandatory on sentencing courts, they [a]re not to be

*Disclaimer, all of the material contained in this Habeas Procedural Cite Manual is for informational purposes only, it was not written by an attorney and is not intended as legal advise. It is best that you consult with a competent and licensed attorney before using any information written herein, especially if you are not trained in the science of law and the rules of federal courts.

presumed reasonable."

A defendant's post-sentencing misconduct does not warrant an automatic denial of a sentence reduction. See, e.g., *United States v. Ayala*, 540 F.Supp.2d 676, 680(W.D. Va. 2008)(reasoning that infractions committed while incarcerated are punishable by the Bureau of Prisons). The court in *United States v. Miller* extended this analysis by considering the defendant's post-sentencing misconduct as only a factor in determining a sentence reduction rather than an automatic denial of a motion for sentence reduction. *United States v. Miller*, No. 3:01-CR-118, 2008 U.S. Dist. Lexis 22986, 2008 WL 782566, at *3 (E.D. Tenn. Mar. 21, 2008)(granting reduction in sentence based on positive conduct such as obtaining his GED and completing educational classes, and also noting that although defendant will not immediately return to the community because he will serve a state sentence consecutively to his federal sentence, the federal sentence reduction will result in the defendant entering the community sooner than he otherwise would). See, also, e.g., *United States v. Johnson*, 2009 U.S. Dist. Lexis 45133(M.D. Penn)(Although, the government's argument concerning public safety had some force, it was insufficient to establish that Defendant poses a present threat to public safety. Defendant's motion under § 3582(c)(2) was granted over the government's objection based on defendant's offense of conviction and his institutional history of introducing drugs or drug items into the prison, fighting, assault without serious injury, and refusal to obey an order during his eleven years of incarceration, because defendant had maintained clear conduct while in prison for more than 3 years prior to filing the motion, participated in a number of prison educational programs and was nineteen years old at the time of the relevant conduct.); *United States v. Williams*, 2011 U.S. Dist. Lexis 412(E.D.N.Y.)("The government argue[d] that defendant's pre-conviction history of violence and his infractions while incarcerated counsel against any reduction. The Court [wa]s not persuaded. Although the Court retain[ed] discretion not to reduce defendant's sentence notwithstanding the crack cocaine amendments, defendant has obtained a

*Disclaimer, all of the material contained in this Habeas Procedural Cite Manual is for informational purposes only, it was not written by an attorney and is not intended as legal advise. It is best that you consult with a competent and licensed attorney before using any information written herein, especially if you are not trained in the science of law and the rules of federal courts.

G.E.D. and shown further positive signs, including having received "satisfactory performance evaluations" as a "unit orderly." ... Although the Court does not excuse defendant's disciplinary infractions, none of which has involved active violence, the balance of defendant's time in custody appears to have been well spent and evidences a genuine effort to reform"); *United States v. Wilkerson*, 2010 U.S. Dist. Lexis 136040(D. Mass. 2010)(The factors stated in § 3553(a) favor a further reduction of Wilkerson's sentence. Dillon, 130 S. Ct. at 2692. In 2005, the court determined that those factors justified a non-guideline sentence, finding that Wilkerson had in prison demonstrated promise, maturity, and self-control. See Nov. 21, 2005 Tr. at 45. Although his prison disciplinary record at the time was not perfect, the court noted that his infractions had been minor. ... He has participated in vocational training and has been employed ... The seriousness of Wilkerson's crime and the need for general deterrence have not changed since Wilkerson was originally sentenced. Ultimately, the court finds that the factors that supported a sentence of 144 months are augmented by the subsequent reduction in the disparity in guideline ranges for powder and crack cocaine, and by Wilkerson's sustained progress. If that had disparity not existed, the court likely would have imposed a lower sentence on Wilkerson in 2005. Therefore, a reduced sentence is warranted.); *United States v. Graham*, Crim. No. 3:00-cr-58(AHN), 2008 U.S. Dist. Lexis 32748, 2008 WL 1817988, at *2 (D. Conn. Apr. 2008)(granting reduction based on probation officer's addendum recommending reduction based presumably on the fact that no public safety factors were implicated by Graham's offense conduct, but refusing to reconsider further reduction requested because of the seriousness of the offense and sanctions while incarcerated); *United States v. Cruz*, Crim. No. 1:CR-95-204-01, 2008 U.S. Dist. Lexis 82896, 2008 WL 461793, at *2 (M.D. Pa. Oct. 17, 2008)(granting reduction based on consideration of relevant factors, nature of the danger defendant may pose to society if sentence is reduced, and post-conviction conduct, despite state conviction for attempted murder for which defendant was currently serving a state prison sentence); *United States v. Dobbins*, No. 3:01-CR-174, 2008 U.S. Dist. Lexis 73782, 2008 WL 3897535, at *3-4(E.D. Tenn. Aug. 19,

*Disclaimer, all of the material contained in this Habeas Procedural Cite Manual is for informational purposes only, it was not written by an attorney and is not intended as legal advise. It is best that you consult with a competent and licensed attorney before using any information written herein, especially if you are not trained in the science of law and the rules of federal courts.

© 2013 ▓▓▓▓▓▓▓▓ Habeas Procedural Cite Manual

2008)(granting reduction despite prior conviction and other arrests for violent behavior when defendant had no post-sentencing incident reports, enrolled in GED classes while incarcerated, and presented no evidence he was a risk of danger to the community).

Here in light of Concepcion and Pepper v. United States, 562 U.S. 476 @ 491(2011) and under the recent changes to U.S.S.G. § 1B1.13 this court should also take into consideration the following post-conviction rehabilitation and Evidence Based Recidvism Programming defendant has particpated in or completed subsequent to being originally sentenced: _____

_____

SEE ATTACHED

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.  CONCLUSION

Wherefore, based upon the aforesaid reasons, facts and authorities, your defendant prays that this Honorable Court will grant this his Motion for relief under 18 U.S.C. § 3582(c)(1)(A) and/or 18 U.S.C. § 3582(c)(2) and any other further relief deemed just and appropriate.

Executed on __2__ / __19__ / __24__         By: _____

Jermaine Deshan West
FCC-Oakdale-Low-I. 05278-509
P.O. Box 5000
Oakdale, LA 71463-5000

## V.  CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion pursuant to 18 U.S.C. § 3582(c) has been sent via U.S. Mail to the U.S. Attorney's Office at the address listed in the record of this court on

__2__ / __19__/2024  postage-prepaid.

By: _____
Jermaine Deshan West  05278-509

22

The Amount of Time In Which A Defendant Has Spent In
Custody Is Not A Controlling Factor To The Grant of 3582(c)(1)(A)(i)
Relief Where Courts Have Reduced Sentences In Whole Or In Part Where
Defendants Have Served Less Than 16 Percent of the Orional Sentences

The following cases are examples of where courts have granted 3582(c)(1)(
A)(i) sentence reductions either in whole to time served, or in part by simply
reducing the sentences a lil lower, even in cases where the inmate has served
less than 1/6 of the originally imposed sentence:

United States v. McGreggor, 2020 U.S. Dist. Lexis 234324(D. Nev. 12-14-
2020)(reducing 72 month fentanyl sentence to time served after serving less than
30 months);

United States v. McPeek, 2022 U.S. Dist. Lexis 24824(N.D. IA. 2-11-2022)
(granting 3582(c)(1)(A)(i) relief to defendant who distributed 50 grams or more
of pure methamphetamine (ice) within 1, 000 feet of a school or protected loca-
tion after serving less than 30 months on 84 months sentence that had original-
ly been imposed below the 151 to 188 month advisory guideline range and who had
repeatedly refused follow-up and other medically necessary treatment related to
his claim of being at risk of dying from prostate cancer due to inadequate care);

United States v. Douglass, 2021 U.S. Dist. Lexis 10755(D.D.C. 1-21-2021)(
granting 3582(c)(1)(A)(i) relief to defendant who served less than 50 months on
120 Months for second-degree murder under 18 U.S.C. § 1111);

United States v. Wynn, 2021 U.S. Dist. Lexis 55251(D. Md. 3-23-2021)(grant-
ing 3582(c)(1)(A)(i) reduction to time served to defendant after serving only 44
months of 156 month sentence for possessing with intent to distribute 1 kg of
heroin, and 400 grams or more of fentanyl, although one kg of fentanyl and 3 kg
of heroin was seized from his business properties.

United States v. Robles, 2022 U.S. Dist. Lexis 14554(S.D. Cal. 1-26-2022)
(granting 3582(c)(1)(A)(i) relief to defendant who served less than 24 months on
84 month sentence for importing 17.84 kilograms of methamphetamine in violation
of 21 U.S.C. § 952 & 960)

<u>United States v. Remillard</u>, cr-21-47-G-F-BMM, 2023 U.S. Dist. Lexis 120892 (D. Mont. 7-13-2023)(granting 3582(c)(1)(A)(i) relief to defendant after serving only 21 months on 104 month sentence for 100 grams of methamphetamine, heroin & cocaine with extensive felony conviction record for burglaries & other property crimes); <u>United States v. Rendiz</u>, 21 -cr-00143-BAS-1, 2023 U.S. Dist. Lexis 201246(S.D. Cal. 11-6-2023)(granting 3582(c)(1)(A)(i) relief to defendant after serving only 6 months of 36 month sentence for importing 19.36 kilograms of methamphetamine to help wife physically, emotionally & financially with 2 year old son's chemotherapy and other medical concerns); <u>United States v. Mata-Soto</u>, 2023 U.S. Dist. Lexis 79342 @ * 2-3(D. Kan. 5-5-2023)(granting 3582(c)(1)(A)(i) relief and reducing life sentence to 240 months for defendant who imported 78.93 kilograms of methamphetamine, and obstructed justice by threatening to harm co-defendant's family members, but was still granted a two-level reduction for acceptance of responsibility under 3E1.1); <u>United States v. Robles</u>, 2022 U.S. Dist. Lexis 14554(S.D. Cal. 1-26-2022)(granting 3582(c)(1)(A)(i) relief to defendant who served less than 24 months on 84 month sentence for importing 17.84 kilograms of methamphetamine in violation of 21 U.S.C. §§ 952 & 960); <u>United States v. Ortiz</u>, cr-19-01061-001-PHX-DWL, 2021 U.S. Dist. Lexis 25831(D. Az. 2-10-2021) (granting 3582(c)(1)(A)(i) relief to defendant who imported 29 kilograms of methamphetamine and 5 kilograms of heroin reducing her original 24 month sentence to time served after serving 1-year); <u>United States v. Hicks</u>, 2023 U.S. Dist. Lexis 140099(E.D.N.C. 8-11-2023)(granting 3582(c)(1)(A)(i) relief to supervised release violator who served only 8 of the month sentence); <u>United States v. Courtway</u>, 18-cr-4687-DMS-1, 2023 U.S. Dist. Lexis 226081(S.D. Cal. 12-19-2023)(district court indicated that it would grant defendant's motion to reduce sentence under 3582(c)(1)(A)(i) if the 9th Circuit remanded back to district for that purpose where defendant with 3 prior convictions for felony possion with intent to deliver methamphetamine concurrently serving 120 month sentence for attempting to import 45.16 KG of Meth, 5.2 KG of Cocaine, and 703

INMATE REQUEST TO STAFF CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member)<br>Warden | DATE:<br>12     1-2-2024 |
|---|---|
| FROM:<br>Jermaine Deshan West | REGISTER NO.:<br>05278-509 |
| WORK ASSIGNMENT:<br>Psch Comp | UNIT:     R1-210L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

This is a Request under 18 U.S.C. § 3582(c)(1)(A)(i) for you to bring a motion for
   extraordinary and compelling reason or to ask the FBOP Director to bring such
   a motion on my behalf based upon the reasons set forth in the attached copy
   of the proposed 3582(c)(1)(A) Motion sent to you via Certified Mailing Tracking

No. 7021  0350  0000  2988  2391

(Do not write below this line)

DISPOSITION:

Signature Staff Member                    Date

Record Copy - File; Copy - Inmate

PDF                              Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94



Jermaine D. West 05598#509
P.O. Oakdale Box-1
P.O. Box 5000
Oakdale, LA 71463-5000

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Warden Philipe Martinez
P.O. Box 5050
Oakdale, LA 71463-5050

9590 9402 4396 8248 7099 16

2. Article Number (Transfer from service label)

7021 0350 0000 2988 2391

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

18 U.S.C. § 3582(c)(1)(A) Mo-
tion Request Enclosed

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
Domestic Mail Only

OFICIAL USE

Certified Mail Fee  $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)       $
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery  $

Postage  $

Total Postage and Fees  $

Sent To  Warden Philipe Martinez
Street and Apt. No., or PO Box No.  P.O. Box 5050
City, State, ZIP+4  Oakdale LA 71463-5050

Postmark
Here

7021 0350 0000 2988 2391
7021 0350 0000 2988 2391

CERTIFIED MAIL

grams of heroin in violation of 21 U.S.C. §§ 952, 960 although defendant has served a lil over a third of that 120 month sentence. ); United States v. Liscano, 2021 U.S. Dist. Lexis 184294(E.D. Ill. 9-27-2021)(granting 3582(c)(1)(A)(i) relief to defendant twice convicted for cocaine possession and sentenced to life for his role in 13 kg cocaine conspiracy resentenced to time served); United States v. Sweet, 2021 U.S. Dist. Lexis 69177(D. Mich. 4-9-2021)(granting 3582(c)(1)(A)(i) relief to defendant serving 262 month sentence for sexual exploitation of Children, who killed his wife reducing his sentence to time served)

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE <u>SOUTHERN</u> DISTRICT OF <u>TEXAS</u>

CRIMINAL CASE NO: <u>4:20-cr-355</u>

UNITED STATES OF AMERICA;
    Plaintiff,

V.

<u>Jermaine Deshan West</u>
    Defendant

## REQUEST FOR APPOINTMENT OF COUNSEL
## TO ASSIST DEFENDANT WITH § 3582(c)(2) MOTION

Comes Now the defendant in the above-style case pursuant to 18 U.S.C. §§ 3006A and 3582(c)(2) does hereby moves this court to appoint counsel to assist him with the accompanying Motion to Reduce Sentence under the 782 Amendment. In support of this his motion, defendant presents that he is indigent and incapable of affording counsel and that he has no formal training in the law or rules of procedure. Finally he presents that this court will be better aided by counsel in this matter, because defendant does not have the ability to secure any copies from his Presentence Report and FBOP officials have a policy in place which completely blocks any inmate from having another prisoner present when viewing the Presentence Report and without allowing another inmate access to his Presentence Report defendant is incapable of properly presenting his claim for relief to the court other than what has been presented in the accompanying preprinted form designed by someone who is not an attorney.

I hereby declare under the penalty of perjury that the facts stated herein are true and correct.

Executed on   <u>1</u> / <u>2</u> /20<u>21</u>     By: _____

                                 Jermaine Deshan West 05278-509
                                 FCC-Oakdale-Low-I
                                 P.O. Box 5000
                                 Oakdale, LA 71463-5000



# ~ Certificate of Achievement ~

## This certifies that

Jermaine West

### has satisfactorily completed

F.C.I 1 Oakdale Run/Walk RPI (100 Miles) Program

Consisting of ___5___ Hours of Training



This certificate is hereby issued this ___9th___ day of ___April___, 20_23_



J. Wharton Sports Spec.

RI-2350

# Certificate of Achievement



## This certifies that

Jermaine West

### has satisfactorily completed

P.C.I. 1 Oakdale Basketball Official Class

Consisting of __8__ Hours of Training

This certificate is hereby issued this __5th__ day of __May__, __20 23__



Mr Scanlon

Sports Spec.



# Certificate of Achievement

## This certifies that

Jermaine West

### has satisfactorily completed

TCI Oakdale Softball Officials Class

**Consisting of** __8__ **Hours of Training**

This certificate is hereby issued this __14th__ **day of** __April__ , 20__23__



J. Wharton   Sports Spec.



# Federal Correctional Complex
## Oakdale, Louisiana

## CERTIFICATE OF ACHIEVEMENT

This certifies that

# JERMAINE WEST

has successfully completed the 12 Hour Drug Education Course/Journal. This certificate of completion is hereby issued this 1st day of August 2023.



Mr. Couvville, Drug Treatment Specialist

# CERTIFICATE
## of ACHIEVEMENT

THIS ACKNOWLEDGES THAT

# JERMAINE DESHAN WEST

HAS SUCCESSFULLY COMPLETED THE

K2 AWARENESS PROGRAM

April 5, 2023



V. Battles, CSW

L. Tarver, CSW

# CERTIFICATE
## of ACHIEVEMENT



THIS ACKNOWLEDGES THAT

## JERMAINE WEST
### Reg. No. 05278-509

HAS SUCCESSFULLY COMPLETED THE

*L. OATIS-SANDERS, UNIT MANAGER*

**AARP**

AUGUST 22, 2023

FCC OAKDALE
(FCI I)

Jermaine Deshawn West #06398-509

F.C.I. Oakdale 1

Federal Correctional Institution

P.O. Box 5000

Oakdale, LA. 71463

SHREVEPORT LA 710
WED 21 FEB 2024 PM

Clerk,

United States District Court

Southern District of Texas

Post Office Box 61010

Houston, TX. 77208



CERTIFIED MAIL

7019 2280 0000 5674 1592